UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KYLE R. VAUGHT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) Cause No. 1:15-cv-1488-WTL-MPB |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|    Defendant. | ) |

ENTRY ON JUDICIAL REVIEW

Plaintiff Kyle Vaught requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Court rules as follows.

I. PROCEDURAL HISTORY

Vaught protectively filed applications for SSI and DIB in November 2011, alleging onset of disability on January 1, 2000. The Social Security Administration initially denied Vaught's application on April 2, 2012. After Vaught timely requested reconsideration, the Social Security Administration again denied his claim on August 20, 2012. Thereafter, Vaught requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 5, 2014, at which Vaught and a vocational expert testified. The ALJ issued his decision denying

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

Vaught's DIB and SSI applications on May 14, 2014. After the Appeals Council denied Vaught's request for review, he filed this action seeking judicial review.

## II.  APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[2] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

---

[2]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

### III.  THE ALJ'S DECISION

The ALJ found at step one that Vaught had not engaged in substantial gainful activity since January 2, 2000, the alleged disability onset date. At step two, the ALJ determined that Vaught had the following severe impairments: depressive disorder; intermittent explosive disorder; a personality disorder; borderline intellectual functioning/learning disability; and sleep apnea. The ALJ found at step three that these impairments did not, individually or in combination, meet the severity of one of the listed impairments. The ALJ's residual functional capacity ("RFC") determination was as follows:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: work is limited to simple, routine and repetitive tasks; performed in a low stress environment, defined as free of fast-paced production requirements, with no significant reading/writing greater than the sixth grade level; involves only simple, work-related decisions, few—if any—workplace changes, no interaction with the general public, and only occasional and superficial interaction with co-workers and supervisors.

3

Record at 17.  The ALJ concluded at step four that Vaught had no past relevant work.  At step five, the ALJ found that, considering his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that he could perform.  Accordingly, the ALJ concluded that Vaught was not disabled.

## IV.  **DISCUSSION**

The facts relating to Vaught's background and psychological records are set forth quite thoroughly in the ALJ's decision and Vaught's brief, and need not be repeated here.

Vaught argues that the ALJ committed four legal errors in arriving at his finding of no disability:

- The ALJ did not include in his residual functional capacity assessment an opinion to which he gave "great weight";

- The ALJ did not evaluate Vaught's mother's third-party statement as required by Social Security Ruling 06-03p;

- The ALJ did not evaluate a mental health counselor's statement that Vaught has poor tolerance for frustration and is capable of acting out impulsively; and

- The ALJ gave "great weight" to a Global Assessment of Functioning of 60/70 but did not mention a subsequent GAF of 40.

Dkt. No. 22 at 1-2. Taken together, these arguments all essentially boil down to an assertion that the ALJ improperly "identified pieces of evidence in the record that supported [his] conclusion that [Vaught] was not disabled, but [] ignored related evidence that undermined [his] conclusion."  *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (holding that this "'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence").  The Court agrees.

First, with regard to the opinion of agency psychologist Maura Clark, Ph.D., the ALJ placed "great weight" on her RFC assessment. However, he failed to acknowledge that her assessment included the opinion that Vaught "could work with a supervisor who was normally considerate and positive, but would have problems with a supervisor who was often negative, critical, or quarrelsome." Record at 562. That assessment can only be read as qualifying or explaining Dr. Clark's choice to check the "moderately limited" box for "[t]he ability to accept instructions and respond appropriately to criticism from supervisors." When asked by counsel at the hearing whether a person who "could work with a supervisor who was normally considerate and positive but would have problems with a supervisor who is often negative, critical, or quarrelsome" could sustain full-time work, the vocational expert replied: "That's very unlikely. That's going to eventually take its toll." *Id.* at 54. The ALJ rejected this testimony as "speculative and conjecture," *id.* at 21, but did not explain why he did not believe such opinions to be outside a vocational expert's area of expertise. Nor did he explain whether he believed that that part of Dr. Clark's opinion was incorrect, or whether he believed the restriction would not prevent Vaught from sustaining work. In fact, the vocational expert's testimony seems entirely reasonable; in the real world, the limitation that one could successfully work only for "considerate and positive" supervisors would very likely be a significant one. It was error for the ALJ not to explain why he either did not credit the limitation or find it disabling.

Similarly, the ALJ relied on a report completed by Vaught's mother to reject Vaught's testimony regarding his daily activities, but he did not acknowledge those parts of her report that support his claim of disability. Overall, the picture painted by Vaught's mother is consistent with his allegation that he is unable to take direction, get along with people, and understand directions sufficiently to perform work. *See id.* at 195-200. Once the ALJ chose to rely on part

of Vaught's mother's report, he should have explained why he did not credit the remainder of it, or, if he did, how it factored in to his analysis.

Vaught also urges as error the ALJ's failure to discuss an evaluation by a licensed clinical social worker and a very low GAF score assigned by a social worker. The ALJ was not "required to address every piece of evidence or testimony presented," *Kastner*, 697 F.3d at 646, and the Court does not find that it was error per se for the ALJ to fail to include these items in his decision. That said, their omission does contribute to the overall impression that the ALJ improperly demonstrated a "larger general tendency to ignore or discount" favorable evidence. *See Yurt v. Colvin,* 758 F.3d 850, 860 (7th Cir.2014).

> An ALJ cannot recite only the evidence that supports his conclusion while ignoring contrary evidence. *See Moore v. Colvin*, 743 F.3d 1118, 1124 (7th Cir.2014); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013). This "cherry-picking" is especially problematic where mental illness is at issue, for "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about [his] overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

*Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). Remand is required to correct this error.

## V. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED: 3/6/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication